UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION
CASE NO.:

DAVID LAROCHE,

        Plaintiff,

v.

COLLISON'S AUTOMOTIVE, INC. and
KEVIN R. JARDINE,

        Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff David Laroche ("Plaintiff") sues Defendant Collison's Automotive, Inc. ("Collison's Automotive") and Kevin R. Jardine ("Jardine"), and states:

1. This is a cause of action seeking unpaid overtime compensation, minimum wage compensation and other relief under the Fair Labor Standards Act ("FLSA") over which this Court has jurisdiction under 28 U.S.C. §1331 and §1337.

2. Personal jurisdiction and venue are proper in the Fort Pierce Division of the Southern District of Florida as Plaintiff and Defendants are all residents and domiciliaries thereof.

3. At all times material, Defendants owned and/or operated a towing business in Indian River County, Florida, of which Plaintiff was an employee.

4. At all times material, Collison's Automotive had two (2) or more employees who regularly sold, handled or otherwise worked on goods and/or materials that had been moved in or produced for interstate commerce.

5. Further, the annual gross sales volume of Collison's Automotive was in excess of $500,000 per annum at all material times.

6. During Plaintiff's employment with the Defendants, Jardine regularly exercised the authority to hire and fire, determine employee schedules, set the rates of pay of employees and controlled the finances and the operations of the business. By virtue of this control and authority, Jardine was an employer of the Plaintiff within the meaning of 29 U.S.C. §203(d) and regulations promulgated thereunder.

7. During his period of employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours per week virtually every week. Despite working in excess of forty (40) hours per week virtually every week, Defendants did not pay time in half wages for said hours, nor did they pay wages sufficient to meet the minimum wage to which the Plaintiff was entitled under the FLSA.

8. The records concerning hours worked by and compensation actually paid to the Plaintiff are in the possession and control of Defendants.

9. Defendants' failure to pay Plaintiff the overtime and minimum wage compensation to which he was entitled was intentional, willful, knowing and unlawful so as to entitle the Plaintiff to liquidated damages in addition to his unpaid wages.

10. Plaintiff has retained undersigned counsel in this action, and has become obligated thereby to the payment of a reasonable fee.

11. All conditions precedent to this action have been performed, waived and/or excused.

WHEREFORE Plaintiff demands judgment, jointly and severally, against Defendants Collison's Automotive and Jardine, individually, for payment of all unpaid overtime wages, minimum wages, liquidated damages, interest, attorney's fees and costs of suit pursuant to the FLSA, and for such other and further relief as the Court deems just and proper.

**Demand for Jury Trial**

Plaintiff demands trial by jury in this action for all issues so triable.

December 5, 2016　　　　　　　　**MURPHY & WALKER, P.L.**
Vero Beach, FL　　　　　　　　　2001 U.S. Highway 1
　　　　　　　　　　　　　　　　Vero Beach, FL 32960
　　　　　　　　　　　　　　　　Telephone: (772) 231-1900
　　　　　　　　　　　　　　　　Facsimile: (772) 231-4387
　　　　　　　　　　　　　　　　cwalker@murphywalker.com
　　　　　　　　　　　　　　　　bodom@murphywalker.com


　　　　　　　　　　　　　　　　By:   /s/ Casey Walker
　　　　　　　　　　　　　　　　　　　Casey Walker
　　　　　　　　　　　　　　　　　　　Florida Bar No. 099848
　　　　　　　　　　　　　　　　　　　*Attorneys for David Laroche*


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed via the CM/ECF filing system this 5th day of December, 2016.


　　　　　　　　　　　　　　　　　　　/s/ Casey Walker
　　　　　　　　　　　　　　　　　　　Casey Walker
　　　　　　　　　　　　　　　　　　　Florida Bar No. 099848